IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In re: Jacob Fraidin            * Case No. 92-5-2338-JS

*   *   *   *   *               *

ANDRE' R. WEITZMAN              *
                                *
v.                              * Civil Action No. WMN-00-3064
                                *
NEVETT STEELE                   *
                                *

**MEMORANDUM**

Before the Court is Appellee's Motion to Strike Appellant's Notice of Record and Issues on Appeal (Bankr. Paper No. 458). The motion is fully briefed and is ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Appellee's Motion will be denied.

This case involves an appeal from a decision of the United States Bankruptcy Court for the District of Maryland, granting the Appellee a second level administrative claim under 11 U.S.C. § 726(a)(1) for professional services provided to the Chapter 11 bankruptcy estate. In his motion, Appellee contends that Appellant's record and issues on appeal should be stricken[1] due to Appellant's failure to abide by Bankruptcy Rule 8006, which requires that "within 10 days after filing the notice of appeal, . . . the appellant shall file with the Clerk and serve on the

---

[1] If the Motion is granted it will have the same effect as a dismissal as there will be no statement of issues before the Court and the record will be comprised solely of those items favorable to appellee.

appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." In this case it is undisputed that the notice of appeal was filed on September 21, 2000. Therefore, the notice of record and issues was due on October 2, 2000. It was not, however, filed until October 4, 2000. The Court disagrees with Appellee that such a drastic measure is required.

Under Fourth Circuit case law, this Court must analyze untimely non-jurisdictional filings in a bankruptcy appeal under Bankruptcy Rule 8001(a). See Resolution Trust Corp. v. SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). Rule 8001(a) gives the district court discretion to impose sanctions, including dismissal, for a failure to comply with the procedural requirements of the Bankruptcy Rules. See In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). This "harsh sanction" of dismissal is not to be imposed lightly. Id. In making the determination under Rule 8001(a), this Court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. Id. at 1311. See Resolution Trust Corp., 45 F.3d at 74. This flexible approach accommodates the interest of allowing cases to be decided on their merits rather than on procedural technicalities. Resolution Trust Corp., 45 F.3d at 74

(citing <u>Sierra Switchboard Co. v. Westinghouse Elec. Corp.</u>, 789 F.2d 705 (9th Cir. 1986)).

In applying the <u>Serra</u> analysis, the Court finds that the "harsh sanction" of dismissal is not warranted. First, Appelllee has not alleged that Appellant acted in bad faith or was negligent in any way. Additionally, Appellant has offered, as an explanation for the delay, his difficulty in collecting all relevant documents. Given that Appellant was not a party to the bankruptcy and, therefore, was not privy to all of the 450 documents filed in the bankruptcy proceeding, the Court finds this explanation to be reasonable. Lastly, the Appellee has not claimed, nor could the Court find, that he has been prejudiced by the two day delay.

A separate order consistent with this memorandum will issue.

_____
William M. Nickerson
United States District Judge

Dated: November 20, 2000